## 12230.   AUGUSTA-AIKEN RAILWAY & ELECTRIC CORPORATION v. BURDASHAW.

In this case the judge did not err in giving in charge " the principle of comparative negligence and apportionment of damages," as such a charge was authorized both by the pleadings and the evidence.

DECIDED NOVEMBER 18, 1921.

Action for damages: from city court of Richmond county — Judge Black.   January 24, 1921.

*Wright & Jackson,* for plaintiff in error.

*C. H. & R. S. Cohen, O. Lee White,* contra.

BLOODWORTH, J. In the brief of plaintiff in error it is said: "But it is respectfully contended that his honor in the court below erred in giving in charge to the jury the principle of comparative negligence and apportionment of damages. And this constitutes the only error and issue insisted upon before this court by the plaintiff in error." The charge of the court of which complaint is made is as follows: "If you find from the evidence in this case that both parties were at fault, and that the plaintiff, by the exercise of ordinary care, could not have avoided the consequences to herself of the defendant's negligence, she may nevertheless recover, but her damages shall be diminished by you in proportion to the amount of default attributable to her." Counsel for the plaintiff in error insist that this charge was error because " there was nothing in the pleadings or evidence upon which to base said charge." We can not agree with this contention. In *Georgia Railroad* v. *Hunter,* 12 *Ga. App.* 294 (3) (77 S. E. 176), it was held: " In a suit by a railroad employee to recover damages from the railroad company for personal injuries, an allegation in the petition of freedom from fault on his part, and a plea that he failed to exercise ordinary care, puts in issue the question whether the recovery should be diminished by reason of the fact that he was guilty of contributory negligence not amounting to a failure to exercise ordinary care. " In the case sub judice the petition alleges: that " your petitioner was in the exercise of ordinary care and diligence in alighting from said car; that your petitioner could not have avoided the injuries complained of, and that the injuries complained of were caused solely by negligence of the defendant company, its agents and employees," and the plea alleges that " the plaintiff, by the exercise of ordinary care and diligence, could have avoided the consequences of the alleged negligence of this defendant. " Applying the above rule, the pleadings authorized a charge on " the principle of comparative negligence and apportionment of damages, " and so did the facts, for according to the evidence for the plaintiff the defendant was negligent, and the evidence of the conductor introduced by the defendant was sufficient to authorize the jury to reach the conclusion that the plaintiff also was to some extent negligent.

No error of law is shown to have been committed on the trial, the evidence supports the verdict, the motion for a new trial was properly overruled, and the judgment is

Affirmed. Broyles, C. J., and Luke, J., concur.